FILED
2019 Jun-28 AM 10:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

JET/RBM JULY 2019
GJ # 15

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| v. | ) No. |
| | ) |
| **ANGELLE M. DASTIN,** | ) |
| **DERIAN Q. DAVENPORT** | ) |
| **Defendants** | ) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE
### Conspiracy
### 18 U.S.C. § 371

1. Beginning in or about December 2018 and continuing through in or about January 9, 2019, in Jefferson County within the Northern District of Alabama, and elsewhere, the defendants,

**ANGELLE M. DASTIN and
DERIAN Q. DAVENPORT,**

did knowingly, willfully and unlawfully combine, conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury, to commit violations, to wit:

a. to knowingly, and with intent to defraud, produce, use and traffic in one or more counterfeit access devices, in violation of Title 18, United States Code, Section 1029(a)(1);

b. to knowingly transfer, possess and use, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law or that constitutes a felony under any applicable State or local law, in violation of Title 18, United States Code, Section 1028(a)(7); and

c. to knowingly, and with intent to deceive, falsely represent a number to be the social security number assigned by the Commissioner of Social Security, to the defendants when in fact, such number was not the social security number assigned by the Commissioner of Social Security, to the defendants in violation of Title 42, United States Code, Section 408(a)(7)(B).

## MANNER AND MEANS

2. It was part of the conspiracy that, between in or about December 2018 and January 2019, **DASTIN** obtained means of identification, without authorization, including names, social security numbers and account numbers for third party individuals for the purpose of using said means of identification to create false

2

identifications, to unlawfully access credit accounts, and to purchase goods and merchandise from retail locations in the Northern District of Alabama and elsewhere.

3. It was a further part of the conspiracy that in January 2019, **DASTIN** and **DAVENPORT** and other known and unknown individuals traveled to the Northern District of Alabama for the purpose of using means of identification and unauthorized access devices to open credit accounts without authorization, to unlawfully access credit accounts, and to purchase goods and merchandise from retail locations in the Northern District of Alabama and elsewhere.

## OVERT ACTS

4. In furtherance of the conspiracy, at least one of the co-conspirators committed and caused to be committed in the Northern District of Alabama, and elsewhere, at least one of the following acts, among others:

5. Between December 2018 and January 2019, **DASTIN** maintained a list of numerous third party individuals' means of identification, including names, social security numbers and account numbers on her cell phone. During that time period, **DASTIN** also maintained notes in her cell phone on when and where she used certain third party individuals means of identification.

6. On or about December 28, 2018, **DASTIN** traveled to a Home Depot located in Pell City, Alabama and **DASTIN** used the name and social security

3

number for an individual with initials A.C.P. to access a Home Depot credit account to facilitate the purchase of goods and merchandise.

7. On or about January 7, 2019, **DASTIN** provided **DAVENPORT** with multiple fake driver's licenses with **DAVENPORT's** photograph and the names of third party individuals.

8. On or about January 7, 2019, **DASTIN** and **DAVENPORT** traveled to a Home Depot located in Pelham, Alabama and **DASTIN** used the name and social security number for an individual with initials D.E.S. to access a Home Depot credit account to facilitate the purchase of goods and merchandise.

9. On or about January 7, 2019, **DASTIN** and **DAVENPORT** traveled to a Home Depot located in Trussville, Alabama and **DAVENPORT** used the name and social security number for an individual with initials A.J.C. to access a Home Depot credit account to facilitate the purchase of goods and merchandise.

10. On or about January 7, 2019, **DASTIN** and **DAVENPORT** traveled to a Home Depot located in Birmingham, Alabama and **DASTIN** used the name and social security number for an individual with initials S.G. to access a Home Depot credit account to facilitate the purchase of goods and merchandise.

11. On or about January 7, 2019, **DASTIN and DAVENPORT** traveled to a Petland located in Montgomery, Alabama and **DAVENPORT** used the name and

4

social security number for an individual with initials M.A.P. to open a credit account to facilitate the purchase of a puppy, pet supplies and merchandise.

12. On or about January 7, 2019, **DASTIN and DAVENPORT** traveled to a Guitar Center located in Montgomery, Alabama and used the name and social security number for an individual with initials W.T.S. to open a credit account to facilitate the purchase of a guitar.

13. On or about January 8, 2019, **DASTIN and DAVENPORT** traveled to a J.C. Penney store located in Ridgeland, Mississippi and used the name and social security number for an individual with initials A.H. to open a credit account to facilitate the purchase of goods and merchandise.

14. On or about January 8, 2019, **DASTIN and DAVENPORT** traveled to a Guitar Center located in Jackson, Mississippi and used the name and social security number for an individual with initials M.A.P. to open a credit account to facilitate the purchase of a guitar.

15. On or about January 9, 2019, **DASTIN and DAVENPORT** traveled to a Macy's located in Hoover, Alabama and used the name and social security number for an individual with initials A.J.C. to open a credit account and to facilitate the purchase of goods and merchandise.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
## Identity Theft
## 18 U.S.C. § 1028(a)(3)

16. On or about January 9, 2019, in Jefferson County, in the Northern District of Alabama, and elsewhere, the Defendant,

**DERIAN Q. DAVENPORT,**

did knowingly possess with intent to use, unlawfully, and transfer, unlawfully, five or more identification documents not issued lawfully for the use of the Defendant, which identification documents, authentication features, or false identification documents were or appeared to have been issued by or under the authority of the United States, to wit:

1. A Florida Driver's License belonging to A.J.C.

2. A Florida Driver's License belonging to G.R.

3. A Florida Driver's License belonging to L.J.R.

4. A Mississippi Driver's License belonging to A.H.

5. A Florida Driver's License belonging to E.H.L.

All in violation of Title 18, United States Code, Section 1028(a)(3).

## COUNT THREE
### Possession of More than Fifteen Access Devices
### 18 U.S.C. § 1029(a)(3) and 2

17. On or about January 9, 2019, in Jefferson County, in the Northern District of Alabama and elsewhere, the defendant,

### ANGELLE M. DASTIN,

did knowingly and with intent to defraud, possess fifteen (15) or more counterfeit and unauthorized access devices, that is, names, social security numbers, credit card account numbers and other means of identification belonging to persons other than the defendant, said possession affecting interstate and foreign commerce.

All in violation of Title 18, United States Code, Section 1029(a)(3) and 2.

## COUNT FOUR
### Possession of Device Making Equipment
### 18 U.S.C. § 1029(a)(4)

18. Between on or about January 7, 2019 and January 9, 2019 in Jefferson County, in the Northern District of Alabama, and elsewhere, the defendant,

### ANGELLE M. DASTIN,

did knowingly and with intent to defraud produce, use, and traffic in, have control or custody of, or possession of device-making equipment.

All in violation of Title 18, United States Code, Section 1029(a)(4).

## COUNT FIVE through SEVEN
### Aggravated Identity Theft

7

## 18 U.S.C. § 1028A and 2

19. On or about the dates specified as to each count listed below, in Jefferson, Shelby and St. Clair Counties, within the Northern District of Alabama and elsewhere, the defendants, as specified below, during and in relation to a felony violation as charged in Count One of this Indictment, did knowingly transfer, possess, and use, without lawful authority, the means of identification of another person, said means of identification of another person as set forth below:

| COUNT | DEFENDANT | APPROXIMATE DATE | LOCATION | MEANS OF IDENTIFICATION |
|---|---|---|---|---|
| 5 | DASTIN | December 28, 2018 | Home Depot | Name, social security number and account number for individual with initials A.P.C. |
| 6 | DASTIN | January 7, 2019 | Home Depot | Name, social security number and account number for individual with initials D.E.S. |
| 7 | DAVENPORT | January 7, 2019 | Home Depot | Name, social security number and account number for individual with initials A.J.C. |

All in violation of Title 18, United States Code, Sections 1028A and 2.

### NOTICE OF FORFEITURE:
**[Forfeiture – 18 U.S.C. § 982(a)(2)(B) and 1029(c)(1)(C)]**

The United States further charges:

1.      The allegations of Counts ONE through FOUR of this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1029(c)(1)(C).

2.      Upon conviction of Counts ONE through FOUR of this Indictment, the defendants,

**ANGELLE M. DASTIN and
DERIAN Q. DAVENPORT**

shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations and any property used or intended to be used to commit any violation of Title 18, United States Code, Section 1029. The property to be forfeited includes, but is not limited to: all proceeds of the offense conduct, 2 Taylor acoustic guitars, $457.00 in US Currency, 32 Ring flood light cameras, 12 Ring security systems, 19 Ring doorbell pro's, 1 Billboard Pill speaker, 1 Nest camera system, 1 Zales diamond, 1 Greendot card with $40.00 in value, newly purchased apparel with tags and miscellaneous access device cards.

3.      If any of the property described above, as a result of any act or omission of the defendant:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

9

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2) and Title 28, United States Code, Section 2461(c).

A TRUE BILL


*/s/ Electronic Signature*
FOREMAN OF THE GRAND JURY      JAY E. TOWN
    United States Attorney


    */s/ Electronic Signature*
    ROBIN B. MARK
    Assistant United States Attorney